62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stanley Amos SINGER, Defendant-Appellant.
 No. 94-10437.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 12, 1995.
Decided Aug. 1, 1995.
 
 Before: SCHROEDER, BEEZER and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Stanley Amos Singer was convicted of voluntary manslaughter in violation of 18 U.S.C. Sec. 1111. He appeals his conviction and sentence, claiming the district court should have granted his motion to suppress the knife found incident to his arrest because there were no exigent circumstances justifying the arresting officer's failure to obtain a warrant before entering Singer's home to make the arrest, and because the officer failed to comply with the "knock and announce" rule. He also claims the district court failed to properly instruct the jury on the mental state necessary for a voluntary manslaughter conviction, and improperly denied him an additional one-level downward adjustment in his offense level for "super" acceptance of responsibility.
 
 
 3
 The government concedes that based on our decision in United States v. Paul, 37 F.3d 496 (9th Cir. 1994), which was decided shortly after Singer's trial, Singer is entitled to a new trial. Singer's jury was instructed in accordance with the Ninth Circuit model jury instructions for voluntary manslaughter. See Manual of Model Jury Instructions for the Ninth Circuit, Sec. 8.24(c) (1992). These instructions improperly omit the mental element required for conviction--that the defendant either intended to kill the victim or acted recklessly with extreme disregard for human life. United States v. Paul, 37 F.3d at 500.
 
 
 4
 The parties also agree that given this instructional error, resolution of the sentencing issue is unnecessary at this point and should await disposition of the case on remand. Therefore, in this disposition we consider only the district court's denial of Singer's motion to suppress. We reverse on this ground as well as on the instructional error issue.
 
 FACTS
 
 5
 On the evening of November 18, 1993, Officer Timothy Lange of the Navajo Department of Public Safety was on a disturbance call at the Navajo Housing Authority, House No. 1, in Kaibeto, Arizona, when a passing motorist approached and informed him that someone was "badly injured" at House No. 9. Within minutes, the officer arrived at the scene. Several people were standing around the residence, and the officer testified that they were upset and crying. The officer also observed two large puddles of what appeared to be fresh blood in the driveway. He testified that it appeared to him as though someone had been bleeding, had come up the street and collapsed in the driveway.
 
 
 6
 Officer Lange immediately sought information from the people gathered around the house. Rose June, who stated she had not witnessed the incident, told the officer that Stanley Singer had just stabbed his son Odin. June said that her son Brian had taken Odin to the hospital. She also informed the officer that Singer had run back to his own house, House No. 5, and that someone had followed him there.
 
 
 7
 After radioing his dispatcher for backup, Officer Lange walked the 75 to 100 yards to the Singer residence. As he approached, Officer Lange noticed there was blood on the sidewalk in front of House No. 4, the house next door to the Singer home.
 
 
 8
 At the Singer home, Officer Lange found the front wooden door open, but the clear plastic storm door was closed. Through the storm door, Lange could see two individuals--a male and a female--standing in the entryway. The officer testified that although he made eye contact with the male individual, his presence was not acknowledged in any way. At that point, the officer opened the storm door and asked, "what's going on?" or "what happened?" When there was no response, he entered the residence.
 
 
 9
 Inside the house, Officer Lange found a man lying on a couch. The officer asked the man if he was Stanley Singer. The man acknowledged that he was, and told the officer that "his boys were trying to fight with him" and he had "acted in self-defense." At that point, Officer Lange placed Singer under arrest. Incident to the arrest, Officer Lange searched Singer for weapons and found a blood-smeared pocket knife in Singer's right front pants pocket.
 
 
 10
 Odin died, and Singer was charged with his killing. At his trial, Singer moved to suppress the knife obtained incident to his arrest, claiming the arrest was unlawful because Officer Lange did not have a warrant and did not knock and announce his presence before entering Singer's residence. The district court denied the motion. After a jury trial in which the government introduced the knife into evidence, Singer was convicted of voluntary manslaughter.
 
 DISCUSSION
 
 11
 The district court denied Singer's motion to suppress because it found exigent circumstances justified Officer Lange's failure to obtain a search warrant before entering Singer's home. Whether exigent circumstances exist to justify a warrantless in-home arrest is a mixed question of fact and law which we review de novo. United States v. Gooch, 6 F.3d 673, 679 (9th Cir. 1993); United States v. Becker, 23 F.3d 1537, 1539 (9th Cir. 1994). We review for clear error the district court's factual findings underlying this inquiry. United States v. Becker, 23 F.3d at 1539.
 
 
 12
 Warrantless arrests in the home are presumptively unreasonable and prohibited by the Fourth Amendment to the United States Constitution. Payton v. New York, 445 U.S. 573 (1980). A warrantless arrest may be reasonable for Fourth Amendment purposes, however, if exigent circumstances justify the failure to obtain a warrant. United States v. George, 883 F.2d 1407, 1411 (9th Cir. 1989).
 
 
 13
 Exigent circumstances are defined as "those circumstances that would cause a reasonable person to believe that entry ... was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts." United States v. McConney, 728 F.2d 1195, 1199 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984). "[E]xigent circumstances necessarily imply [there was] insufficient time to obtain a warrant." United States v. Lindsey, 877 F.2d 777, 781 (9th Cir. 1989). The government bears the heavy burden of demonstrating that exigent circumstances mandated a warrantless arrest. United States v. Shephard, 21 F.3d 933, 938 (9th Cir. 1994).
 
 
 14
 We agree with the district court that the government met its burden of showing a warrant was not required due to exigent circumstances.
 
 
 15
 We analyze "exigency" from the totality of the circumstances known to Officer Lange at the time of his warrantless intrusion into Singer's home. United States v. George, 883 F.2d at 1412 (quoting United States v. Licata, 761 F.2d 537, 543 (9th Cir. 1985)). When he entered the residence, Officer Lange knew the following facts: He had been informed a stabbing had just occurred, that the perpetrator retreated to the Singer home, and that someone had followed him there. The officer also saw blood in front of the house next door to the Singer residence, observed two people standing inside the Singer home and--although he made eye contact with one of those people--failed to be acknowledged by him. As the government points out, the officer did not know the status of the people in the house, why one of them reacted "strangely" by not acknowledging his presence, or whether the perpetrator was armed or injured. Based on these facts, the district court properly found "the exigency of the circumstances demanded that the officer act with dispatch to protect himself, to protect anybody else, and indeed, to protect the defendant," by entering the house without first taking the time to obtain a warrant.
 
 
 16
 Singer contends the facts in this case are substantially similar to the facts of United States v. Gooch, 6 F.3d 673, in which we found no exigent circumstances to justify a warrantless arrest.
 
 
 17
 In Gooch, when the arresting officers arrived on the scene they had information similar to that possessed by Officer Lange as he stood at Singer's door. The officers in Gooch were informed the defendant had "hurt people" at a campground and that shots had been fired. Id at 676. They were told the defendant was presently in his tent with a woman. As in this case, they did not know whether the defendant was armed or whether he or the woman was injured. However, in Gooch, the alleged shooting occurred several hours before the officers arrived on the scene. It was for this reason the court found "the deputies could not have reasonably believed that there was a present danger to other occupants of the tent or to other campers." Id. at 679 (emphasis added).
 
 
 18
 Here, the stabbing took place only minutes before Officer Lange's arrival at Singer's home. Based on the information available to him at that time, Officer Lange could reasonably have believed there was an ongoing threat which mandated immediate action. See United States v. George, 883 F.2d at 1414 (recognizing that "officers need not wait for a warrant when they reasonably believe that a suspect is currently endangering the lives of themselves or others") (emphasis added). Indeed, had he failed to act promptly, Officer Lange might well have been derelict in his duties.
 
 
 19
 The fact that exigent circumstances justified Officer Lange's failure to obtain a warrant before entering the Singer home, however, does not conclusively establish that Singer's arrest was lawful. In addition to entering Singer's home without a warrant, Officer Lange failed to knock or announce his presence. The district court, in denying Singer's motion to suppress, did not consider this omission.
 
 
 20
 The common law "knock and announce" rule is codified in 18 U.S.C. Sec. 3109. See United States v. Becker, 23 F.3d at 1540. This statute permits an officer to "break open any outer or inner door of a house ... to execute a search warrant if, after notice of his authority and purpose," he is refused admittance. 18 U.S.C. Sec. 3109. The requirements of this statute apply also to warrantless arrest entries of the type that occurred here. Sabbath v. United States, 391 U.S. 585, 588 (1968); United States v. Bustamante-Gamez, 488 F.2d 4, 9 (1973).
 
 
 21
 Moreover, in a recent case, decided after conclusion of Singer's trial, the Supreme Court held that the "common-law 'knock and announce' principle forms a part of the reasonableness inquiry under the Fourth Amendment." Wilson v. Arkansas, 115 S. Ct. 1914, 1916 (1995). Under this principle, the reasonableness of a search or seizure "depend[s] in part on whether law enforcement officers announced their presence and authority prior to entering." Id.
 
 
 22
 Thus, after Wilson, the circumstances surrounding Officer Lange's failure to "knock and announce" are relevant to the constitutionality of Singer's arrest. In Wilson, the Supreme Court recognized that not every entry into a private home must be preceded by an announcement. 63 U.S.L.W. at 1458. The Court explained that, when countervailing law enforcement interests demand it, the failure to "knock and announce" may be reasonable. Id. However, the Court left it to the lower courts to determine precisely under what circumstances law enforcement interests make announcement prior to entry unnecessary. Id. at 4459.
 
 
 23
 In this case, without the benefit of Wilson, the district court did not examine the circumstances surrounding Officer Lange's failure to knock and announce. Officer Lange was never asked why he entered Singer's home without knocking or announcing his presence. The record is also silent as to whether he was in uniform at the time of the arrest, and whether the people inside the house, including Singer, could see him through the clear plastic storm door in the same manner he could see them, such that compliance with the "knock and announce" rule might have been unnecessary. In these circumstances, remand is appropriate to afford the district court an opportunity to consider the issue whether Officer Lange's failure to knock and announce was reasonable.
 
 CONCLUSION
 
 24
 We reverse Singer's conviction and remand for a new trial because Singer's jury was not properly instructed on the mental state required for conviction of voluntary manslaughter. We also vacate the district court's order denying Singer's motion to suppress and remand for reconsideration in light of section 3109 and Wilson.
 
 
 25
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3